**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **BULLOCK BUILDING &** | ) | Case No. 19-20039 |
| **DEVELOPMENT, LLC,** | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM STAY
TO ALLOW CIVIL LITIGATION TO PROCEED**

COMES NOW the Movants, Andrew Clisbee and Sara Clisbee, by counsel, and for their Motion for Relief from Stay to Allow Civil Litigation to Proceed in St. Louis County Circuit Court in their Petition for Breach of Agreement and False Representations against the Debtor, pursuant to 11 U.S.C. §362(d), Rules 4001(a) and 9014 of the Bankruptcy Rules, and Local Rule 4001-1, and in support thereof, states as follows:

1. Andrew Clisbee and Sara Clisbee (collectively "Movants") are the Plaintiffs in a civil action filed against Debtor, Bullock Building & Development, LLC in a case styled, <u>Andrew and Sara Clisbee v. Bullock Building & Development, LLC and Morgan Bullock</u>, Case No. 18SL-CC04049, which Petition is currently pending in the Circuit Court of St. Louis County, Missouri. A copy of the Petition is attached hereto and incorporated herein by reference as **Exhibit A**. Movants/Plaintiffs allege in their Petition that the Debtor/Defendant breached the terms of a Special Sale Contract dated April 24, 2017, and the amendments thereto and House Construction Agreement entered by the parties.

2. That on or about January 16, 2019, Debtor filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, which case was assigned Case No. 19-20039 in the United States Bankruptcy Court for the Western District of Missouri.

3. That upon information and belief, co-Defendant Morgan Bullock has funds available to cover the claims of the Movants. Movants seek to proceed with the civil litigation in St. Louis County Circuit Court for discovery purposes and/or to recover any monies owed due to the breach of Special Sale Contract and House Construction Agreement and for damages incurred by Movants/Plaintiffs.

4. That based on the foregoing, the Movant seeks relief from the automatic stay "for cause" under §362(d)(l) to proceed with the civil litigation against co-defendant, Morgan Bullock.

5. That upon information and belief, allowing the civil litigation to proceed against co-Defendant, Morgan Bullock, will cause no harm to the Debtor or the bankruptcy estate.

6. As the legislative history of §362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their *chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.*" In re Lamberjack. 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No. 989, 95th Cong., 2d Sess., 50) (emphasis added).

7. That determining as to whether "cause" exists, most Courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." In re R. J. Groover Const. LLC. 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, Courts have considered numerous factors, including:

(a) Whether relief would result in partial or complete resolution of the issues;

(b) The lack of any connection with or interference with the bankruptcy case;

  (c) Whether other proceeding involves the Debtor as a fiduciary;

  (d) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

  (e) Whether the action primarily involves third parties;

  (f) Whether litigation in another forum would prejudice the interests of other creditors;

  (g) Whether the judgment claim arising from the other action is subject to equitable subordination;

  (h) Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

  (i) The interests of judicial economy and the expeditious and economical resolution of the litigation;

  (j) Whether the parties are ready for trial in other proceeding;

  (k) The impact of the stay on the parties and the balance of harm.

In re New York Medical Group, P.C., 265 B.R. 408, 413 (Bankr. S.D. N.Y. 2001); *see also* Sonnax Industries. Inc. v. Tri Component Production Corp. *(In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1986 (2d Cir. 1990); Goya Foods, Inc. v. Unanue-Casual, *(In re Unanue-Casual)* 159 B.R. 90, 96 (D.P.R. 1993) *aff'd* 23 F.3d 395 (1st Cir. 1994); In re Busch, 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, Courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. In re Mezzeo. 167F.3d 139, 143 (2d Cir. 1999). In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movants can proceed against co-Defendant, Morgan Bullock, in the civil litigation case in the St. Louis County Circuit Court, Clayton, Missouri.

8. That determining whether "cause" exists to permit the Movants to proceed with their circuit court litigation is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." In re Indian River. 293 B.R. at 433. Because no harm will befall the Debtor, and Movants may effectively be prejudiced by delaying their civil litigation case, a lifting of the stay is appropriate.

### A. LIFTING THE STAY TO ALLOW THE CIRCUIT COURT LITIGATION TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND THE MOVANT

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between the Movants and the Debtor is the underlying civil litigation. If the Court lifts the stay and allows the Movants to proceed and litigate their civil litigation case to conclusion, the relationship between the Movant and the Debtor will be over.

### B. LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE

Whether the circuit court proceedings are connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movants seek to liquidate their claims in the St. Louis County Circuit Court in order to recover from non-debtor sources, including a co-defendant that is not in bankruptcy.

"Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases the Movant has stipulated that any recovery will be sought from the co-defendant." In re Peterson. 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." In re 15375 Memorial Corp. 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic

stay."

### D.  LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS

Another factor that supports granting the motion to lift the stay is that the St. Louis County Circuit Court litigation will not prejudice the interests of other creditors. Movant will collect any judgment against the Debtors solely from other non-debtor sources, including the co-defendant, Morgan Bullock. Thus, the other creditors in the bankruptcy will not be harmed by granting the motion because the Movant will not be able to enforce any judgment directly against the Debtor or its estate. *See* R.J. Groover Construction. 411 B.R. at 465; In re Loudon. 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); In re: G.S. Distribution. Inc. 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court);

### E. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANT THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTOR

Movants may effectively be harmed by delaying the civil court action. The mere existence of a bankruptcy action does not deny the Movants the opportunity to prosecute their case. In re Brock Laundry Machine Co., 37 B.R. 564,566-67 (Bankr. N.D. Ohio 1984). In fact, Courts have found that making a Plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award.

### CONCLUSION

The automatic stay was never intended to preclude a determination of liability of a co-defendant but a nonparty to a bankruptcy proceeding. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to

determine liability will not affect the estate. It will only allow the Movants to establish the amount of their claim. In this respect, a relief from the stay will not violate the purpose for which it was imposed. <u>In re Brock Laundry Machine Co.</u> 37 B.R. at 567. On the other hand, Movants believe the interest of judicial economy will be served by lifting the stay to permit the civil court civil litigation case to continue, and, if successful, proceed against the co-defendant, Morgan Bullock, for an award of damages, if any. For the reasons stated above, the Movants herein request that this Court grant their Motion.

WHEREFORE, Movants hereby request that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. §362 and permit the Movant to proceed in the circuit court action and to proceed against co-defendant/debtor, Morgan Bullock.

Respectfully submitted,

**SIGMUND BROWNING, LLC**

By: /s/ Jonathan C. Browning
Jonathan C. Browning #52820
305 East McCarty Street, Suite 300
Jefferson City, Missouri 65101
Telephone:    (573) 635-7699
Facsimile:    (573) 635-7425
Email:        jbrowning@msblawfirm.com

ATTORNEYS FOR CREDITORS
ANDREW CLISBEE AND SARA CLISBEE

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on March 13, 2019, a true and correct copy of the foregoing was served electronically upon John C. Reed, Attorney for Debtor; Janice A. Harder, the Chapter 7 Trustee; and all such other parties requesting notice,

*With a copy sent to the following, via US Mail, postage prepaid, to:*

Morgan J. Bullock
P. O. Box 373
Camdenton, MO 65020
Co-Debtor

                                                    /s/ Jonathan C. Browning